UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN GAMBLE,

                       Plaintiff,

       -against-

NYPD OFFICER SOHRAL PEERZADA, et al.,

                       Defendants.

23-CV-4598 (LTS)

ORDER TO SHOW CAUSE UNDER 28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is a prisoner at the George R. Vierno Center, filed this action *pro se* and seeks *in forma pauperis* (IFP) status. The Court directs Plaintiff to show cause by declaration why the Court should not deny his IFP application under 28 U.S.C. § 1915(g), the Prison Litigation Reform Act's three-strikes provision.

## PRISON LITIGATION REFORM ACT

The Prison Litigation Reform Act (PLRA) added the following three-strikes provision to the IFP statute:

> In no event shall a prisoner bring a civil action…under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g). The Court finds that Plaintiff has accumulated three strikes under the PLRA, and he is therefore barred under Section 1915(g) from filing any actions IFP.[1] *See Gamble v. Kelsh*, No.

---

[1] In 2007, Plaintiff was found barred under Section 1915(g) from proceeding IFP, *Gamble v. Maynard*, No. 9:06-CV-1543 (N.D.N.Y. Nov. 2, 2007) (recognizing Plaintiff as barred under § 1915(g)), *report & recommendation adopted*, (N.D.N.Y. Jan. 14, 2008), but a later court concluded that some of the dismissals that had been counted as strikes – such as an action dismissed in part for failure to comply with the requirement in Rule 10 of the Federal Rules of

07-CV-0093 (N.D.N.Y. Mar. 6, 2007) (complaint asserting a claim that Plaintiff was unlawfully denied access to the "A.R.T. Program," filed while he was incarcerated in Clinton Correctional Facility, dismissed for failure to state a claim upon which relief may be granted); *Gamble v. Kelsh, et al.*, No. 07-CV-0474 (N.D.N.Y. May 11, 2007) (dismissing action, filed while plaintiff was a prisoner at Southport Correctional Facility, "pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) as the complaint is frivolous and fails to state a claim on which relief may be granted"); *Gamble v. Doe*, No. 18-CV-3169 (E.D.N.Y. Jan. 25, 2019) (complaint, filed while Plaintiff was incarcerated at Franklin Correctional Facility, dismissed for failure to state a claim upon which relief may be granted). Because Plaintiff thus cannot proceed IFP, he must prepay the filing fee to bring this new action unless the complaint asserts claims that he is "under imminent danger of serious physical injury."

Plaintiff does not allege any facts suggesting that he is in imminent danger of serious physical injury.[2] Instead, Plaintiff alleges that, more than one year earlier, on February 16, 2022, police officers wrongfully searched his apartment and arrested him. (ECF 1 at 4.) Plaintiff's complaint thus does not qualify for the imminent-danger exception.

## NOTICE AND OPPORTUNITY TO BE HEARD

A *pro se* litigant is generally entitled to notice and an opportunity to be heard before the Court issues a final decision that is unfavorable to the litigant. *See Snider v. Melindez*, 199 F.3d

---

Civil Procedure to use numbered paragraphs, *Gamble v. Cox*, No. 05-CV-1093 (N.D.N.Y. Feb. 13, 2006), no longer qualified as strikes. *See Gamble v. Lesser*, No. 20-CV-2672 (LLS) (S.D.N.Y. Apr. 20, 2020). District Judge Stanton notified Plaintiff that he nevertheless had three other dismissals that counted as strikes under Section 1915(g). That order, however, was returned to the Court as undeliverable, and it therefore appears that Plaintiff may not have received it.

[2] An imminent danger is one "that has [not] dissipated by the time a complaint is filed," *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009); rather, the danger must be "existing at the time the complaint is filed," *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002).

108, 113 (2d Cir. 1999) (requirement of notice and opportunity to be heard "plays an important role in establishing the fairness and reliability" of the dismissal order, "avoids the risk that the court may overlook valid answers to its perception of defects in the plaintiff's case," and prevents unnecessary appeals and remands). The Court therefore grants Plaintiff leave to submit a declaration showing that, while a prisoner, he has not filed three or more cases that were dismissed as frivolous, malicious, or for failure to state a claim. Plaintiff must submit this declaration within 30 days. If Plaintiff does not make this showing, or if he fails to respond to this order, the Court will deny Plaintiff's IFP application, dismiss the action without prejudice, and find that Plaintiff is barred from filing future actions IFP while he is a prisoner.[3]

## CONCLUSION

The Court directs Plaintiff to show cause why the Court should not deny his IFP application under the PLRA's three strikes provision, 28 U.S.C. § 1915(g). If Plaintiff wishes to file a declaration explaining any reason why the Court should not find that he has three strikes under Section 1915(g), he must do so within 30 days. For Plaintiff's convenience, a declaration form is attached to this order. If Plaintiff does not respond to this order, or if his response does not show cause, the Court will deny Plaintiff's IFP application, dismiss this action without prejudice, and find that Plaintiff is barred under Section 1915(g) from filing future actions IFP while he is a prisoner.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

---

[3] Plaintiff is not barred from filing a new case by prepaying the filing fee.

*Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   June 5, 2023
        New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| _____ | _____ |
| Executed on (date) | Signature |

| _____ | _____ |
| Name | Prison Identification # (if incarcerated) |

| _____ | _____ | _____ | _____ |
| Address | City | State | Zip Code |

| _____ | _____ |
| Telephone Number (if available) | E-mail Address (if available) |